IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN WILLIAM WALLACE,

    Plaintiff,

  v.

UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,

    Defendants.

No. C 10-80120 WHA

**DISMISSAL ORDER**

    This action is **DISMISSED** for want of subject-matter jurisdiction and failure to state a claim. The complaint is incomprehensible, delusional, fantastic gibberish "so attenuated and unsubstantial as to be absolutely devoid of merit" and therefore fails to properly plead subject-matter jurisdiction. *See Newburyport Water Co. v. City of Newburyport*, 193 U.S. 561, 579 (1904) (holding that federal court had no federal-question jurisdiction when claims were utterly insubstantial). A district court may dismiss a complaint *sua sponte* if federal subject matter jurisdiction is lacking or if a complaint is frivolous. *See* 28 U.S.C. 1915(e)(2); *Cato v. United States* 70 F.3d 1103, 1106 (9th Cir. 1995). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams* 490 U.S. 319, 325 (1989) (superceded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory). Where a complaint alleges facts that are "clearly baseless," "fanciful" or "delusional" it may be dismissed as frivolous. *Denton v. Hernandez* 504 U.S. 25, 32–33 (1992). If a pro se plaintiff can cure the factual allegations in order to state a claim, he must be

given leave to do so. *Lopez v. Smith* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, if repleading cannot cure the deficiencies, the complaint may be dismissed without leave to amend. *See Cato*, 70 F.3d at 1106.

This order finds that plaintiff could not amend his complaint so as to state a plausible claim or one over which the Court would have jurisdiction. The complaint is therefore **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: June 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2